**UNITED STATES of America,
Plaintiff,**

v.

**LOAMI GRAIN COMPANY, Inc.,
Defendant.**

Civ. A. No. 4104.

United States District Court,
S. D. Illinois, S. D.

June 26, 1969.

Richard E. Eagleton, U. S. Atty., for the United States.

Olsen, Cantrill & Miller, Springfield, Ill. (Harold M. Olsen, Springfield, Ill., of counsel), for defendant.

### MEMORANDUM DECISION AND ORDER

POOS, Chief Judge.

Plaintiff United States of America seeks to recover from the Defendant Loami Grain Company, Inc. an alleged erroneous refund of internal revenue taxes, pursuant to Section 7405(b) of the Internal Revenue Code of 1954. The present matter comes on for determination upon the motion of the defendant for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendant has presented affidavits, along with its pleadings, in support of its motion, and the plaintiff has submitted a Memorandum of Law in support of its opposition to defendant's motion.

The Court finds, after careful consideration of the entire record herein, and the applicable law, that the Defendant's motion for summary judgment is well taken and should be granted. The investment tax credit question presented by the instant case has recently been the subject of an opinion of the Seventh Circuit, where that Court, in a similar factual situation, upheld a Tax Court finding for the taxpayer. See, Commissioner of Internal Revenue v. Schuyler Grain Company, Inc., 411 F.2d 649, United States Court of Appeals for the Seventh Circuit, September Term 1968–April Session 1969, dated June 2, 1969. In the

case at bar, this Court is convinced that the defendant-taxpayer's preponderant use of the storage bins qualifies it for the special tax treatment provided by Section 38 of the Internal Revenue Code of 1954. (See, inter alia, the Affidavit of Marilyn Harms, filed June 19, 1969.)

Accordingly, since the record herein shows that there is no genuine issue as to any material fact, and in light of the holding in *Schuyler Grain,* supra, the Court finds that Defendant Loami is entitled to judgment as a matter of law.

It is therefore ordered, adjudged, and decreed that Defendant Loami Grain Company, Inc.'s motion for summary judgment be and the same hereby is allowed, and that judgment in Civil Action No. 4104 be rendered in favor of Defendant Loami Grain Company, Inc. and against Plaintiff United States of America, with costs to be awarded to Defendant Loami Grain Company, Inc.

It is so ordered.